**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000451
24-JUN-2022
08:22 AM
Dkt. 34 SO**

NO. CAAP-21-0000451

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RYAN M. GIUGLIANO, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DCW-20-0003056)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Ryan M. Giugliano (**Giugliano**) appeals from the District Court of the Third Circuit's (**district court**)[1] July 19, 2021 Judgment and Notice of Entry of Judgment, convicting him of Harassment, in violation of Hawaii Revised Statutes (**HRS**) § 711-1106(1) (2014).[2]

On appeal, Giugliano contends (1) there was no substantial evidence he acted with the requisite intent to harass, annoy, or alarm the complaining witness, Mark Trahan

---

[1] The Honorable Joseph P. Florendo, Jr. presided at trial. The Honorable Cynthia T. Tai presided at sentencing.

[2] HRS § 711-1106(1)(a) provides that "[a] person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person . . . [s]trikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]"

(**Trahan**), and (2) the State failed to disprove his justification defense of self-defense beyond a reasonable doubt.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Giugliano's contentions as follows, and affirm.

(1) There was substantial evidence Giugliano intended to harass, annoy, or alarm Trahan.

At the time of the subject incident, Giugliano and Trahan lived in the same apartment. Trahan testified that prior to October 30, 2020, he returned from a trip and got into a dispute with Giugliano about an electric bill. When Trahan returned from work the next day, his things were spread out in the living room, his room was trashed, and his father's wedding band and other items were missing. On October 30, 2020, Trahan asked Giugliano to give his property back. Giugliano denied taking the items and walked to his room. As Giugliano was about to shut the door, Trahan put his foot in the threshold so the door could not be shut. Giugliano then opened the door and attacked Trahan, who fell back as Giugliano wrestled him to the ground. They ended up in the bathroom with Giugliano's arms wrapped around Trahan's upper chest area. Giugliano squeezed until the point it was harder for Trahan to breathe and the volume of his yells for help decreased. Trahan denied that he made physical contact with Giugliano at any time. Trahan stated the incident made him feel scared.

Here, it is reasonable to infer from Giugliano's acts of opening the door and wrapping his arms around and squeezing

2

Trahan's chest until breathing became difficult that it was his conscious object to harass, annoy, or alarm Trahan. State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992) (explaining that "the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all circumstances"). Furthermore, Trahan testified that the incident made him feel scared.

Thus, when considered in the strongest light for the prosecution, Trahan's testimony was substantial evidence that Giugliano acted with the requisite state of mind. State v. Pulse, 83 Hawaiʻi 229, 244, 925 P.2d 797, 812 (1996) (explaining that "[t]he testimony of one percipient witness can provide sufficient evidence to support a conviction" and "evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction").

(2) Giugliano's self-defense claim rests upon his account of the incident, which the district court did not believe.

Self-defense is a justification defense. State v. Padilla, 114 Hawaiʻi 507, 515, 164 P.3d 765, 773 (App. 2007); HRS § 703-304(1) (2014). "Self-defense is not an affirmative defense, and the prosecution has the burden of disproving it once evidence of justification has been adduced." State v. Culkin, 97 Hawaiʻi 206, 215, 35 P.3d 233, 242 (2001). "The prosecution disproves a justification defense beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case." State v. Jhun, 83 Hawaiʻi 472, 483, 927

3

P.2d 1355, 1366 (1996) (citing State v. Gabrillo, 10 Haw. App. 448, 456–57, 877 P.2d 891, 895 (1994)).

Here, the district court found that, when Trahan put his foot in the door, he did not use force upon Giugliano. In other words, the district court believed Trahan's testimony that he only placed his foot in the doorway, and did not believe Giugliano's claim that Trahan kicked the door in causing injury that justified Giugliano using force in self-defense. Determining the credibility of the conflicting testimony was the province of the district court. State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (explaining that "it is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact") (cleaned up).

Based on the foregoing, we affirm the district court's July 19, 2021 Judgment and Notice of Entry of Judgment.

DATED: Honolulu, Hawaiʻi, June 24, 2022.

On the briefs:

Marshall K.P. Pautsch,
Deputy Public Defender,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge